IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 23-cv-01819-PAB-TPO

WESLEY D. HUTCHINS,
CAROL A. SQUIRES,
KURT T. SQUIRES,
LINDA L. JONES, and
BRUCE B. HUTCHINS,

   Plaintiffs,

v.

BOARD OF COUNTY COMMISSIONERS OF LARIMER COUNTY, COLORADO,

   Defendant.

---

# ORDER

---

This matter comes before the Court on defendant Board of County Commissioners of Larimer County, Colorado's Motion for Consolidation [Docket No. 109]. Plaintiffs Wesley D. Hutchins, Carol A. Squires, Kurt T. Squires, Linda L. Jones, and Bruce B. Hutchins (collectively, "the *Hutchins* plaintiffs") did not file a response.

On February 21, 2025, plaintiff Astrid in the related case *Astrid v. Bd. of Cnty. Comm'rs of Larimer Cnty. Colo.*, Case No. 23-cv-02051-PAB-TPO, filed a response to the Board of County Commissioners of Larimer County, Colorado's Notice of Filing Motion to Consolidate. *Astrid*, Case No. 23-cv-02051-PAB-TPO, Docket No. 92. On March 7, 2025, the Board of County Commissioners of Larimer County, Colorado filed a reply in *Astrid*. *Id.*, Docket No. 93.

I. **BACKGROUND**[1]

The *Hutchins* plaintiffs originally filed this case against the Board of County Commissioners of Larimer County, Colorado ("the Board") in the District Court for Larimer County, Colorado on June 22, 2023, *see* Docket No. 4, and the Board removed the case to this Court on July 18, 2023.  Docket No. 1.  On December 16, 2024, the *Hutchins* plaintiffs filed their third amended complaint against the Board.  Docket No. 102.  The *Hutchins* plaintiffs' claims arise out of the August 4, 2021 demolition of a one-lane private bridge ("the Bridge") located on the Cache La Poudre River, which connected plaintiffs' property and several other properties to Colorado Highway 14.  *See id*. at 2, 3-4, 11, 17, at ¶¶ 1-2, 7-8, 34, 58.  The third amended complaint asserts an "Eminent Domain/Inverse Condemnation" claim against the Board under the Fifth Amendment of the U.S. Constitution and Article II, Section 15 of the Colorado Constitution.  *Id.* at 27-28.  On July 19, 2023, another property owner allegedly affected by the August 4, 2021 demolition of the Bridge, who is known by the single name of Astrid, filed a separate lawsuit against the Board and that case is currently pending before this Court.  *See Astrid*, Case No. 23-cv-02051-PAB-TPO.  *Astrid* is scheduled for a jury trial to begin July 28, 2025.  *See id.*, Docket No. 80.

II. **ANALYSIS**

The Board moves to consolidate this case with *Astrid*.  Docket No. 109 at 1. Rule 42 of the Federal Rules of Civil Procedure permits consolidation when cases "involve a common question of law or fact."  Fed. R. Civ. P. 42(a).  The decision

---

[1] A full recitation of this case's background can be found in the Court's order on defendants' motions to dismiss.  *See* Docket No. 81 at 2-7.

whether to consolidate actions involving common questions of law or fact is committed to the sound discretion of the district court.  *Shump v. Balka*, 574 F.2d 1341, 1344 (10th Cir. 1978).  The purpose of Rule 42(a) is "to give the court broad discretion to decide how cases on its docket are to be tried so that the business of the court may be dispatched with expedition and economy while providing justice to the parties."  *Breaux v. American Family Mut. Ins. Co.*, 220 F.R.D. 366, 367 (D. Colo. 2004) (quoting 9 C. Wright & A. Miller, Federal Practice & Procedure § 2381 at 427 (2d ed. 1995)).  Therefore, the Court considers both judicial economy and fairness to the parties in exercising its discretion under Rule 42(a).  *See Harris v. Illinois-California Express, Inc.*, 687 F.2d 1361, 1368 (10th Cir. 1982).

The Board contends that consolidation of this case and *Astrid* would "greatly increase judicial efficiency, reduce burden on the parties and witnesses, and not result in confusion nor prejudice to Plaintiffs."  Docket No. 109 at 6.  The Board acknowledges that consolidation "would delay Plaintiff Astrid's case to provide time for the Hutchins Plaintiffs to complete discovery, as well as accommodate dispositive motions practice for all parties."  *Id.*  Nonetheless, the Board contends that delaying the trial in *Astrid* would mean that there would be one trial rather than two, which weighs in favor of consolidation.  *Id.*  Furthermore, the Board argues that the *Hutchins* plaintiffs and plaintiff Astrid assert claims that "raise similar constitutional questions and seek the same remedies – compensation for the removed bridge."  *Id.*  The Board argues that it would be prejudiced if the Court were to deny the motion to consolidation because the Board is "expose[d] . . . to the possibility of two different outcomes, including one on

3

summary judgment and one at trial, and the risk of paying double damages or more damages to discrete plaintiffs, if found liable." *Id.*

The Court finds that consolidation does not serve the interests of fairness and judicial economy because *Astrid* and this case are at "significantly different procedural stages." *See Woodall v. Walt Disney Co.*, 2025 WL 736575, at *1 (C.D. Cal. Feb. 13, 2025). "Consolidation may properly be denied in instances where the cases are at different stages of preparedness for trial." *Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 762 (5th Cir. 1989); *see also Little v. Grand Canyon Univ.*, 2022 WL 3042911, at *3 (D. Ariz. Aug. 2, 2022) ("even if common issues of law and fact warranted consolidation, the cases are at differing stages, which weighs against consolidating the actions"). Consolidation is inappropriate here given the stage each case is at. As plaintiff Astrid notes, the Board took notably different approaches to discovery in this case and *Astrid*, resulting in the cases diverging in terms of readiness for trial. *See Astrid*, Case No. 23-cv-02051-PAB-TPO, Docket No. 92 at 8. In *Astrid*, the Board did not depose plaintiff Astrid, her experts, or any other witness. *Id.* In this case, the Board intends to depose plaintiffs and experts designated by plaintiffs. *See* Docket No. 98 at 12. As a result, *Astrid* is set to begin trial on July 28, 2025 and discovery has closed. *Astrid*, Case No. 23-cv-02051-PAB-TPO, Docket No. 80. By contrast, discovery in this case does not close until July 16, 2025 and the deadline for dispositive motions is September 11, 2025. *See* Docket No. 98 at 11-12.

If the Court consolidates this case and *Astrid*, the disposition in *Astrid* would be delayed, which weighs against consolidation. "Consolidation would likely require the Court to reopen discovery and force the parties to repeat much of the work that has

4

already been done to prepare this case for trial." *David A. Bovino P.C. v. MacMillan*, No. 12-cv-00551-PAB-KMT, 2015 WL 3903111, at *4 (D. Colo. June 24, 2015). Consolidation would cause unfairness to plaintiff Astrid because it would impose "further delay in reaching final resolution" of her claims when she is "otherwise prepared to proceed to trial." *Id.*; *see also Ulibarri v. Novartis Pharms. Corp.*, 303 F.R.D. 402, 404 (D.N.M. 2014) (denying motion to consolidate where the related cases were at "completely different procedural posture[s]" because in one case "discovery is not yet complete and dispositive motions deadlines have not passed" and in the other case "discovery has concluded and Defendant filed dispositive motions in the case," such that consolidation would "serve only to delay the disposition" of the case ready for trial and "prejudice the parties in that case"); *Interscope Recs. v. Leadbetter*, 2007 WL 709296, at *2 (W.D. Wash. Mar. 5, 2007) (finding that "the difference in the maturity of the actions militates against consolidation" because "the Court finds that consolidating the two cases will cause unreasonable delay in this action, especially given that trial here is scheduled to begin in two months and discovery has not yet commenced in [the related case]"); *Transeastern Shipping Corp. v. India Supply Mission*, 53 F.R.D. 204, 206 (S.D.N.Y. 1971) (denying consolidation because "the cases which were ready for or close to trial would have to be held up pending completion of pretrial in the other cases" and "[s]uch a result would delay rather than expedite the disposition of those cases which are now prepared for trial"). As a result, the Court finds that the considerations of judicial economy and fairness weigh against consolidation.

       The Board argues that it would be prejudiced if the Court were to deny its motion to consolidate because of the risk for "two different outcomes," such that it is at "risk of

5

paying double or more damages to discrete Plaintiffs, if found liable." Docket No. 109 at 6. The Board contends that, "[a]ssuming without conceding that the BOCC were to lose in both cases, it would in fact be impossible to determine Plaintiffs' respective damages without considering each in turn." *Id.* at 6-7. The Board does not explain why there is a "risk of paying double or more damages to discrete Plaintiffs, if found liable" or why it would be "impossible" to determine each plaintiffs' damages. *Id.* at 6. Specifically, the Board fails to explain why compensating the *Hutchins* plaintiffs and plaintiff Astrid for the damages they allegedly sustained from the bridge's demolition would prejudice the Board or result in inconsistent outcomes. Therefore, the Court does not find that the Board has shown prejudice. *See Taylor v. Fluor Corp.*, 2019 WL 5445762, at *3 (D.S.C. Oct. 24, 2019) (rejecting the defendants' argument that "the failure to consolidate the cases will create a risk of inconsistent outcomes" because the "hypotheticals" posed by the defendants were "inapposite" such that "the Court sees no significant potential for materially inconsistent outcomes").

Furthermore, the Court finds that the Board's motion is untimely. The Board removed *Astrid* to federal court on August 14, 2023. *Astrid*, Case No. 23-cv-02051-PAB-TPO, Docket No. 1. Yet, the Board did not file its motion to consolidate until January 31, 2025. Docket No. 109. The Board fails to explain why it waited over 17 months to file its motion. A district court has the "discretion to deny untimely motions to consolidate." *Petromanagement Corp. v. Acme-Thomas Joint Venture*, 835 F.2d 1329, 1334 (10th Cir. 1988). Therefore, the Court is within its discretion to deny the Board's motion for being untimely. *See id.* (holding that it would "effectively circumvent the judge's discretion to deny untimely motions to consolidate" where the defendant's

"motion to consolidate came on the eve of trial and more than fifteen months after filing the initial complaint").

The Court finds that consolidation of this case and *Astrid* would not lead to an expeditious or economical resolution of the disputes.

### III. CONCLUSION

Therefore, it is

**ORDERED** that Board of County Commissioners of Larimer County, Colorado's Motion for Consolidation [Docket No. 109] is **DENIED**.

DATED July 14, 2025.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge